Opinion filed June 21, 2007 















 
 
  
 
 







 
 
  
 
 




Opinion filed June 21, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00297-CR 

                                                    __________

 

                            JAMESON
WAYNE BEARDEN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 132nd District Court

 

                                                          Scurry
 County, Texas

 

                                                     Trial
Court Cause No. 8945

 



 

                                                                   O
P I N I O N








This is an appeal from a judgment adjudicating
guilt.  Jameson Wayne Beardon originally
entered a plea of guilty to the state jail felony offense of theft.  The plea bargain agreement reached stated
that punishment would be confinement for two years in a state jail facility
probated for one year, a fine of $500, and the deferment of the adjudication of
guilt.  Pursuant to the plea bargain
agreement, the trial court deferred the adjudication of guilt, placed appellant
on community supervision for one year, and assessed a $500 fine.  At the hearing on the State=s motion to adjudicate, appellant
entered pleas of true to six allegations that he violated the terms and
conditions of his community supervision. 
The trial court found that appellant had violated the terms and conditions
of his community supervision, revoked his community supervision, adjudicated
his guilt, and imposed a sentence of confinement for two years in a state jail
facility.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel presents one arguable issue.

In his sole arguable issue, counsel suggests that
the trial court erred in assessing the maximum sentence available for the
offense.  Counsel relies on appellant=s testimony that he was unable to
comply with the terms and conditions of his community supervision because he
had bipolar disorder to support the contention that the trial court abused its
discretion in assessing punishment.  As
counsel notes, the trial court did not abuse its discretion but merely assessed
the punishment originally agreed to by appellant and the State.  Moreover, the trial court assessed a sentence
that was within the range of punishment authorized by Tex. Penal Code Ann. ' 12.35 (Vernon 2003).[1]  A penalty assessed within the range of
punishment established by the legislature will not be disturbed on appeal.  Jackson v. State, 680 S.W.2d 809 (Tex.
Crim. App. 1984); Bradfield v. State, 42 S.W.3d 350 (Tex. App.CEastland 2001, pet. ref=d). 
The arguable issue is overruled.

Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  Court-appointed counsel has
complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).








Appellant has filed a motion to act pro se in
which he responds to his court-appointed counsel=s
conclusion that his appeal is frivolous. 
In his response, appellant contends that the trial court abused it
discretion by imposing the maximum sentence available.  As stated above, the trial court rejected
appellant=s plea
for mitigation of his sentence and assessed a sentence authorized by law.  No abuse of discretion has been shown.  Appellant=s
contentions are overruled.

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that counsel has
the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens, 206 S.W.3d 670 (Tex.
Crim. App. 2006).  Likewise, this court
advises appellant that he may file a petition for discretionary review pursuant
to Tex. R. App. P. 66.  Black v. State, 217 S.W.3d 687 (Tex. App.CEastland 2007, no pet.). 

The motion to withdraw is granted, and the
judgment is affirmed.

 

 

PER CURIAM

 

June 21, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Section 12.35 provides that a person
convicted of a state jail felony shall be confined for a period of not more
than two years but not less than 180 days. 
An optional fine not to exceed $10,000 is also authorized.